UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:08CR00330 CAS (TCM) |
| WARREN McKINNEY, | ) | |
| Defendant. | ) | |

## ORDER DENYING RECONSIDERATION OF DETENTION

This matter came before the Court on Defendant's motion to reconsider (Doc. #13) this Court's prior Order of pretrial detention (Doc. #10). Defendant is charged with two counts of aggravated sexual abuse and three counts of transportation of a minor for the purpose of committing a criminal sex act, in violation of 18 U.S.C. § 2241(c) and 2423(a), respectively. A hearing on the government's motion for pretrial detention was held on June 30, 2008. Neither parties had any objection to the information contained in the Pretrial Services Report (PSR) dated June 30, 2008, which the Court adopted and incorporated. Following the hearing, at which both parties presented testimony, the Court held that Defendant had not rebutted the statutory presumption that arises that there is no condition or combination of conditions that will adequately assure Defendant's appearance and the safety of the community. Defendant has requested reconsideration of that Order. The government has not filed a response.

In his motion for reconsideration, Defendant objects to the Court finding probable cause based upon the fact of the indictment; asserts that there is no fact other than the indictment which contains any information sufficient to create a presumption; challenges the sufficiency of the evidence to support several of the Court's findings; and asserts that

the Court overlooked the possibility of GPS and electronic monitoring.  The Court finds no basis for reconsideration of its Order of detention on any of the grounds asserted by Defendant, either alone or in combination.

Although Defendant challenges this Court's reliance on the indictment, that challenge is unfounded.  The fact is that a grand jury has in fact found probable cause to believe that Defendant did in fact commit the offenses set forth in the indictment.  Even if the fact of the indictment were an insufficient basis for such a probable cause finding, however, that was not the sole basis for the Court's finding.  Indeed, as expressly set forth in the Order, the Court found, based upon the testimony of the witnesses, that the government had produced strong evidence in support of the current federal charges.  Nothing in Defendant's motion for reconsideration causes this Court to reconsider that finding.  As such, the Court reiterates, based upon the testimony presented at the hearing, its finding that there is probable cause to believe that Defendant committed the offenses set forth in the indictment.

As further set forth in the prior Order, the Court also found there was strong, and indeed uncontroverted, evidence that Defendant had a history of sexually molesting young girls, that dated back to the mid-1970's.  Defendant's objection to these findings based on the fact that they were based on hearsay testimony is, again, insufficient to cause this Court to find otherwise.  See FRE 1101(d)(3) (Federal Rules of Evidence do not apply to "proceedings with respect to release on bail or otherwise"); 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing.").  Moreover, Defendant has presented no evidence, whatsoever, to counter the evidence of these

occurrences presented at the hearing.

Nor did the undersigned overlook the possibility of electronic monitoring with GPS capabilities. Defendant is currently employed as a truck driver. Knowing *where* Defendant is at any point in time will not serve to protect the community, in light of the Court's findings. Indeed, the government presented evidence that Defendant had molested the minor involved in the current federal charges in his truck, while working. Nor will electronic monitoring prevent the risk to either Defendant's girlfriend's daughter – who, though 22 years old, has cerebral palsy and is learning disabled – nor the risk to minor children who may be invited or induced to visit the residence.

**THEREFORE, IT IS HEREBY ORDERED** that the motion of Defendant Warren McKinney to reconsider this Court's prior Order of detention (Doc. #13) be **denied**, and that Defendant continue to be detained pending trial in this cause.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 14th day of July, 2008.